IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY CRUZ

    Petitioner,

v.                                        CIVIL ACTION NO. 2:19-cv-00650
                                             (Criminal No. 2:18-cr-00004-4)

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Petitioner Anthony Cruz's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 192]. The Motion was fully briefed, and an evidentiary hearing was held before Magistrate Judge Cheryl A. Eifert, who then issued her Proposed Findings and Recommendation ("PF&R") [ECF No. 257]. In her PF&R, Judge Eifert made findings of fact and law and recommended that I deny Mr. Cruz's motion and dismiss this case with prejudice. Mr. Cruz timely filed his objections to the PF&R [ECF No. 258].

The court has reviewed *de novo* those portions of the Proposed Findings and Recommendation to which the defendant has filed specific objections. For the reasons discussed below, the court **ADOPTS** Judge Eifert's PF&R as to all issues, **DENIES** Mr. Cruz's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

2255 [ECF No. 192], and **ORDERS** that this civil action be **DISMISSED with prejudice** and removed from the docket of this Court.

## I. Background

Anthony Cruz pled guilty on April 6, 2018, to conspiracy to distribute 500 grams or more of methamphetamine, which carries a ten-year mandatory minimum sentence. Mr. Cruz's plea agreement included an agreement that under the United States Sentencing Guidelines, the base offense level for his conduct was 34, and he would be subject to a two-level gun enhancement. It also included a stipulation of facts stating that when agents arrested him, they found and seized two guns in the same room. [ECF No. 107].[1] At his plea hearing, Mr. Cruz indicated that he had reviewed the agreement with his lawyer, Roger Lambert, and that he understood it. [ECF No. 221, at 8].

Mr. Cruz's sentencing hearing took place on September 6, 2018. [ECF No. 222, at 13]. At the hearing, I confirmed that Mr. Cruz had read and reviewed his presentence report ("PSR") with his lawyer and asked if Mr. Cruz had any outstanding objections. Mr. Lambert made one objection to the Guidelines calculations, arguing that Mr. Cruz should receive a four-level reduction because he was a minor participant in the conspiracy. I overruled that objection. Mr. Lambert also objected to the assertion in the PSR that Mr. Cruz was "the enforcer" and, though that characterization had no effect on the overall calculations, asked that I not consider that description when imposing sentence. Though the entire conspiracy

---

[1] All ECF citations refer to Defendant's criminal docket: 2:18-cr-4-4.

2

involved many pounds of methamphetamine, the PSR attributed Mr. Cruz with 864 grams of Ice, which resulted in a base offense level of 34. Then, pursuant to the stipulation of facts and witness testimony, the PSR added a two-level gun enhancement. Finally, the PSR reduced the offense level by three levels to account for Mr. Cruz's acceptance of responsibility, for a final offense level of 33. I again confirmed that Mr. Cruz had no further objections to those calculations. He did not. Given Mr. Cruz's criminal history category, his sentencing range under the Guidelines was 235 to 293 months imprisonment.

After calculating the Guidelines, I allowed counsel to argue for the appropriate sentence under 18 U.S.C. § 3553(a). Mr. Lambert asked that I impose a 120-month sentence, the mandatory minimum sentence, to account for Mr. Cruz's level of participation in the conspiracy and his drug addiction. Mr. Cruz then addressed the court. He apologized for his actions and discussed his plans to better himself in prison. Ultimately, I sentenced Mr. Cruz to 168 months imprisonment—a downward variance of more than five years below the bottom of the guidelines range.

Mr. Cruz filed a Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. [ECF No. 192]. In it, he asserted that he "had issues about the drug amount and how he was characterized as a major participant in the alleged conspiracy," and that he told Mr. Lambert to file an appeal on those bases, but that Mr. Lambert refused. At the subsequent evidentiary hearing, both Mr. Cruz and Mr. Lambert testified to their recollections of their post-sentencing discussion. [ECF No. 256].

Mr. Lambert recalled that Mr. Cruz was happy that the court varied downward by more than five years and committed to improving himself in prison. Mr. Lambert says that he advised Mr. Cruz of his right to appeal but expressed his opinion that Mr. Cruz did not have any meritorious grounds for appeal. After that discussion, Mr. Cruz did not indicate that he wanted to appeal. Mr. Lambert conceded, however, that he did not take any notes at the meeting because it was short, and Mr. Cruz seemed satisfied with his sentence.

Mr. Cruz testified that the meeting went differently. In his § 2255 motion, Mr. Cruz asserted that he was unhappy that he was sentenced to more than the ten-year minimum and asked Mr. Lambert to appeal based on the amount of drugs attributed to him and the fact that he was characterized as an enforcer. At the subsequent evidentiary hearing, however, Mr. Cruz testified that he told Mr. Lambert to appeal the application of the gun enhancement, which he alleged he had wanted to challenge all along. Mr. Cruz further testified that he and his relatives tried to contact Mr. Lambert but were unsuccessful. He did not produce any evidence of unsuccessful phone calls, emails, or letters to Mr. Lambert.

In the Proposed Findings and Recommendations, Magistrate Judge Eifert assessed both Mr. Cruz's and Mr. Lambert's credibility and found that "Lambert's recollection of his post-sentencing conference with Cruz is consistent with the record." [ECF No. 257]. On the other hand, she noted that Mr. Cruz's testimony at the evidentiary hearing was inconsistent with his § 2255 motion, in which he made no mention of concerns over the gun enhancement. As Judge Eifert concluded, "certainly,

4

if the gun enhancement was Mr. Cruz's greatest concern, he would have mentioned the enhancement in his § 2255 motion." *Id.* Judge Eifert further found that despite assertions that he and his family reached out to Mr. Lambert after his sentencing hearing, he could not produce any evidence of such efforts.

Finally, Judge Eifert found it implausible that Mr. Cruz would have asked Mr. Lambert to appeal either the drug weight or gun enhancement because he had agreed to both in his plea agreement. He had agreed to a base offense level of 34, determined by drug weight, and to the application of the gun enhancement because the guns were in the room when he was arrested. Mr. Cruz now argues that because he knew the plea agreement was not binding on the court, he could have reasonably believed those provisions were subject to the court's discretion.

## II. Legal Standard

When a Magistrate Judge issues a recommendation on a dispositive matter, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).

## III. Discussion

Mr. Cruz specifically objects to Judge Eifert's finding that requesting an appeal on the basis of an agreed-to gun enhancement is "simply not plausible." He argues that because he was told, repeatedly, that the plea agreement was not binding on the court, he could have reasonably thought that "the issue of his relationship to the firearms was within the province of and subject to determination by the court at

5

sentencing." [ECF No. 258, at 5]. I will therefore conduct a de novo review of Judge Eifert's finding that Mr. Cruz's claims are implausible on their face.

In proceedings under 28 U.S.C. § 2255, the petitioner bears the burden of proof to establish his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Mr. Cruz has claimed that he was deprived his right to effective counsel guaranteed under the Sixth Amendment to the Constitution when Mr. Lambert failed to file an appeal on his behalf. The "failure to file a requested appeal is *per se* ineffective assistance of counsel, irrespective of the possibility of success on the merits." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995); *United States v. Poindexter*, 492 F.3d 263, 271–73 (4th Cir. 2007) ("[A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."). Even if the defendant fails to ask for an appeal, the attorney must consult with him if "a rational defendant would want to appeal," or if this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *United States v. Malone*, 442 F. App'x 864, 866 (4th Cir. 2011).

To succeed in his § 2255 claim, therefore, Mr. Cruz must establish by a preponderance of the evidence that either (1) he clearly instructed Mr. Lambert to file an appeal, (2) a rational defendant would want to appeal, or (3) Mr. Cruz demonstrated that he was interested in appealing. Judge Eifert, looking at the evidence, determined that he did not establish any of these criteria. When considering this question, Judge Eifert considered Mr. Cruz's § 2255 motion, the testimony of both

6

parties at the evidentiary hearing on that motion, transcripts from both the plea hearing and sentencing hearing, and Mr. Cruz's plea agreement. When considering issues of credibility, courts may consider "variations in demeanor and tone of voice," as well as documents and objective evidence that may contradict the witness's story, whether the witness's story is internally inconsistent or "implausible on its face," whether the witness had motive to lie, and the level of detail in the witness's statement. *Rahman v. United States*, 7:08-CR-126-D, 2013 WL 5222160, at *5 (E.D.N.C. Aug. 27, 2013). Judge Eifert based her findings on internal inconsistencies in Mr. Cruz's statements and motion, the lack of evidence beyond Mr. Cruz's testimony, and the implausibility of Mr. Cruz's claims on their face.

Upon *de novo* review, I agree. Mr. Cruz's § 2255 motion and his testimony at the evidentiary hearing are internally inconsistent. Even considering Mr. Cruz's current argument, I cannot find that he established, by a preponderance of the evidence, that he asked Mr. Lambert to file an appeal, or even indicated that he was interested in appealing. Moreover, his current concern with the gun enhancement is inconsistent with the record. Mr. Cruz claimed in his § 2255 motion that he asked Mr. Lambert to appeal because he disagreed with the amount of drugs attributed to him and the fact that he was characterized as an enforcer. He did not mention the gun enhancement. He has failed to produce any evidence that he opposed the gun enhancement before bringing it up at the evidentiary hearing on his § 2255 motion.

To the contrary, the record indicates that he agreed to the gun enhancement and understood that agreement: He signed a plea agreement applying the

7

enhancement, he signed a stipulation of facts admitting the guns were in the room when he was arrested, he affirmed at his plea hearing that he understood and accepted the terms of his plea agreement, he affirmed that he understood the PSR and reviewed it and the potential objections with his attorney, he did not object in writing to the PSR's application of the gun enhancement, and he did not object at sentencing to the court using the gun enhancement to calculate his sentencing range. To now claim that he believed the gun enhancement was subject to the court's discretion and that he wanted to challenge it all along is disingenuous and implausible in the face of the record.

Given the internal inconsistencies with Mr. Cruz's claims and his failure to produce any form of corroborating evidence, I **FIND** that he has not established by a preponderance of the evidence that he asked to, or even indicated a desire to, file an appeal. I further **FIND** that a rational defendant would not want to appeal the sentence Mr. Cruz received because it varied downward from the applicable Guidelines range by five years.

## IV. Conclusion

For the foregoing reasons, the court **ADOPTS** Judge Eifert's PF&R [ECF No. 257] as to all issues, **DENIES** Respondent's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§ 2255 [ECF No. 192], and **ORDERS** that this civil action be **DISMISSED with prejudice** and removed from the docket of this court.

I have additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is

satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). I conclude that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 15, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE